IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIMMY DALE GUESS                                        PLAINTIFF

            v.                       CIVIL NO. 10-3124

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                DEFENDANT

## **MEMORAMDUM OPINION**

Jimmy Guess ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income ("SSI"). ECF. No.1. The defendant filed an answer to plaintiff's action on March 14, 2011, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 5.

On May 18, 2011, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF No. 9. Specifically, the defendant seeks remand to allow the ALJ to reevaluate the opinions of Drs. Shannon Brownfield and Stephen Harris; to develop the record concerning Plaintiff's drug abuse and perform the proper analysis under 20 C.F.R. §§ 404.1535, 416.935; and, to obtain updated evidence concerning Plaintiff's impairments, including a mental consultative examination and medical source statements concerning Plaintiff's limitations.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of

the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion to remand is hereby **GRANTED** and the case is remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 18th day of May 2011.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE