IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIMMY DALE GUESS                                               PLAINTIFF

        v.                               CIVIL NO. 10-3124

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION AND O R D E R**

Plaintiff, Jimmy Guess, appealed the Commissioner's denial of benefits to this court. On May 18, 2011, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 11. Plaintiff now moves for an award of $3,225.00 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 25.80 attorney hours for work before the court at an hourly rate of $125.00 and $350.00 in costs. ECF No. 14. The defendant has filed a response, expressing no objection to this award. (Doc. # 15).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the record, we find plaintiff is the prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C.

AO72A
(Rev. 8/82)

§ 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)*,* quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The

court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $125.00 an hour. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has not attached

3

a summary of the Consumer Price Index as an exhibit and has not presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel has shown that he is entitled to an hourly rate of $125.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Counsel has requested .30 hours for preparing letters of service; .30 hours for preparing the affidavits of service and receiving the NEF confirming their filing; .20 hours for inputting the scheduling order and deadlines on the calender; .10 hours for filing the appeal brief; and, .10 hours for preparing a letter to Plaintiff enclosing a file-marked copy of the appeal brief. However, the court finds that this task could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, these hours are not compensable under the EAJA. Therefore, 1.00 attorney hours must be deducted from the total compensable time sought by counsel.

Further, Plaintiff's attorney seeks compensation for .10 hours for receiving and reviewing the NEF's evidencing the filing of various documents in the case. All total, he requests 1.30 hours for viewing the one paragraph NEF showing that the complaint, cover sheet, summonses, consent to jurisdiction, two reassignment orders, Defendant's answer, scheduling order, Plaintiff's brief, Defendant's Motion for Extension of Time, Order granting Motion for Extension of Time, Motion to Remand, Defendant's Memorandum Brief in Support of said Motion, Memorandum Opinion, and Judgment were filed in this case. He also requests 1.00 hours for reviewing the Defendant's four page Memorandum Brief in Support of his Motion to Remand. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount

of time to perform these task. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). We are also of the opinion that some of these activities could have been delegated to support staff. *See Granville House, Inc.*, 813 F.2d at 884. Accordingly, Plaintiff's requested hours will be decreased by 1.60 hours.

In addition, counsel requests compensation for 14.00 attorney hours for reviewing the transcript and preparing Plaintiff's brief. However, there were no unique or complex issues to be developed in this particular case, and the transcript was approximately 499 pages long. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law. Accordingly, we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 12.00 hours.

Counsel has also requested 2.50 hours of compensation for the preparation of his EAJA petition. This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases this amount of time to perform. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, we are deducting 1.00 hour from the total number of compensable hours sought.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 20.20 (25.8-5.60) hours for attorney's fees, at the rate of $125.00 per hour and $350.00 in costs for a total attorney's fee award of $2,875.00. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

5

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 31st day of August 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)